DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, NJ 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, NJ 07932-0950
(973) 966-6300
RICHARD M. METH, ESQ. (R.M. - 7791)
Co-Counsel for Plaintiff Ford Motor Credit Company LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RUDOLPH M. CHIORAZZO, KATHLEEN Y. CHIORAZZO and SOUTH SHORE AUTO WORLD OF MAYS LANDING, INC.,<br><br>Defendants. | Civil Action No. 06-3382 (JEI-JS)<br><br>HONORABLE JOSEPH E. IRENAS<br><br>HONORABLE JOEL SCHNEIDER<br><br>(Motion Return Date: July 7, 2008) |
| RUDOLPH M. CHIORAZZO, KATHLEEN Y. CHIORAZZO and SOUTH SHORE AUTO WORLD OF MAYS LANDING, INC.,<br><br>Counterclaim Plaintiffs,<br>v.<br>FORD MOTOR CREDIT COMPANY,<br><br>Counterclaim Defendant. | Amended Order Of Dismissal |

THIS MATTER having been brought before the Court upon the motion of

Plaintiff/Counterclaim Defendant Ford Motor Credit Company LLC for an Order

Vacating Dismissal, Reinstating Case and Reclaiming or Renewing Motions for Summary Judgment (the "Motion"); and the parties having reached a global settlement of all claims (the "Settlement") with respect to both this case and that certain litigation captioned *Ford Motor Credit Company LLC v. Rudolph M. Chiorazzo, et al.* (Docket No. 07-02852), and in the Chapter 7 bankruptcy case of *South Shore Ford, Inc.* (Case No. 06-16356) pending in the United States Bankruptcy Court for the District of New Jersey (the "NJ Bankruptcy Court"); and it further appearing, and the parties having acknowledged and agreed, that the effectiveness of the Settlement is conditioned upon, and subject to, the entry of a final order of the NJ Bankruptcy Court approving the Settlement (the "Settlement Approval Order") and that, following entry of a Settlement Approval Order, the Settlement requires entry of a stipulated judgment (the "Consent Judgment") in this case; and good cause having been shown;

IT IS on this **6th** day of _AuGusT_, 2008,

ORDERED that the Order Of Dismissal previously entered by this Court and dated May 30, 2008 (the "Dismissal Order") be, and it hereby is, amended as follows:

      1.    Any party may reopen and reinstate the instant action on the docket of this Court within thirty (30) days of the date that an

2

Order of the NJ Bankruptcy Court or any other court of competent jurisdiction denying approval of the Settlement becomes final by filing a notice of such denial along with a copy of the Order denying approval of the Settlement.

(A) In such event, the Plaintiff's Motion for Summary Judgment on Its Complaint, (ii) the Plaintiff's Motion for Summary Judgment Dismissing Defendants' Counterclaims, and (iii) all briefing with respect to the foregoing Motions shall be renewed and reinstated as originally filed.

2.   Notwithstanding the provisions of paragraph 1, above:

(A) In the event that the Settlement is approved by the NJ Bankruptcy Court and no appeal is taken with respect to the Settlement Approval Order, counsel for the Plaintiff shall have thirty (30) days from the date that the Settlement Approval Order becomes a final order to docket the Consent Judgment in this civil action, as contemplated by and provided for in the Settlement, with no further authorization or other action of this Court being required; and, alternatively,

3

(B)   In the event that the Settlement is approved by the NJ Bankruptcy Court, but an appeal is taken with respect to the Settlement Approval Order, counsel for the Plaintiff shall have thirty (30) days from the date that the approval of the Settlement is affirmed and the Settlement Approval Order becomes a final order of the NJ Bankruptcy Court, to docket the Consent Judgment in this action, with no further authorization or other action of this Court being required.

3.    Plaintiff's counsel shall serve a copy of this Order upon all counsel of record within seven (7) days of the date of this Order.

_____
JOSEPH E. IRENAS, U.S.D.J.

4